TAM:EP:mmz

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CRIMINAL NO.: 1:CR-01-268 |
| | ) |
| v. | ) (Judge Caldwell) |
| | ) |
| **KAREEM MONTGOMERY** | ) (Electronically filed) |

### MOTION RECOMMENDING DOWNWARD DEPARTURE

AND NOW, the United States of America, by its undersigned counsel, moves pursuant to Section 5K1.1 of the United States Sentencing Commission Sentencing Guidelines and Title 18, United States Code, Section 3353, and recommends that the Court reduce the sentence to be imposed upon the defendant in light of the defendant's "substantial assistance" to law enforcement. In support of this motion, the United States alleges as follows:

1. On January 4, 2002, the defendant entered a guilty plea to a charge of possession with intent to distribute crack cocaine, a violation of Title 21, United States Code, Section 841(a)(1).

2. The defendant entered this guilty plea pursuant to the terms of a plea agreement with the United States. That plea agreement required the defendant to truthfully cooperate with the government in its investigation of wrongdoing by others, and stated that, if the defendant provided substantial assistance to law enforcement, the government may move for a departure from the sentence otherwise called for by the Sentencing Guidelines in the defendant's case.

3. Following the entry of this plea, a pre-sentence report was prepared. That report concluded that the defendant has a criminal history category of II, and that the defendant's offense conduct resulted in an aggregate offense level of 37. On the basis of these findings, the pre-sentence report concluded that the guidelines imprisonment range for this matter was 235-293 months.

4. While the United States concurs in the guidelines calculations set forth in this pre-sentence report, the United States submits that a departure downward from this guideline imprisonment range is warranted in the defendant's case in light of the defendant's substantial assistance to law enforcement.

    A. The defendant provided a detailed proffer concerning drug activity in the Chambersburg area that led directly to the successful prosecution of two additional cases. The defendant has agreed to testify, if necessary, and will be a government witness in a civil forfeiture case the United States has filed against his stepfather, Everett Ferguson.

5. Section 5K2.1 of the United States Sentencing Commission Sentencing Guidelines provides that the Court may depart from the guidelines upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.

6. In determining whether a sentence reduction is appropriate, the Court may consider a number of factors specified in Section 5K1.1 of the Sentencing Guidelines including, but not limited to the following: 1) the significance and usefulness of the defendant's assistance; 2) the truthfulness, completeness, and reliability of the

defendant's information; 3) the nature and extent of the defendant's assistance; 4) any injury suffered or danger or risk of injury to the defendant or others as a result of the defendant's assistance; and 5) the timeliness of the defendant's cooperation. With respect to these factors, in <u>United States v. Torres</u>, 251 F.3d 138 (3d Cir. 2001), the United States Court of Appeals instructed this Court to conduct a qualitative case-by-case analysis of Section 5K1.1's five enumerated factors, and any other factors the Court deems relevant, in making an assessment regarding the nature and scope of any sentencing departure. The Court of Appeals went on to state that the District Court should make specific findings regarding each of these factors and conduct an individualized examination of the defendant's assistance.

7. As an aid to the Court in conducting this individualized assessment required by law, the United States proffers the following with respect to the relevant factors under Section 5K1.1:

    A. <u>Nature of the Cooperation</u>: Significant detailed information that led to two other successful prosecutions. Defendant was prepared to testify but both defendants pled guilty.

    B. <u>Significance of the Cooperation</u>: The defendant would have made an excellent witness and this greatly contributed to the government obtaining two guilty pleas.

    C. <u>Reliability of the Information Provided</u>: The defendant was very reliable; the United States intends to use the defendant as a witness.

    D. <u>Danger to the defendant</u>: Unknown at this time due to his location in a county prison.

    E. <u>Timeliness of Cooperation</u>: Defendant's cooperation was timely.

8.  In this case, it is submitted that the defendant's cooperation, as described above, constitutes substantial assistance warranting a sentencing departure in accordance with the Sentencing Guidelines, since a number of these factors weigh in favor of granting a sentence departure.  Accordingly, in light of the defendant's substantial assistance to law enforcement, the United States recommends that this Court depart below the guidelines imprisonment range otherwise set for this offense when sentencing the defendant.  Specifically, the United States recommends that this Court depart at least six (6) offense levels when sentencing the defendant.  Such a departure would yield a guideline imprisonment range of 121-151 months.

WHEREFORE, for the foregoing reasons, the United States recommends a departure from the guidelines imprisonment range otherwise called for in this case in light of the defendant's substantial assistance to law enforcement.

Respectfully submitted,

THOMAS A. MARINO
UNITED STATES ATTORNEY

/s/ Eric Pfisterer

_____
ERIC PFISTERER
Assistant U.S. Attorney
228 Walnut Street, P.O. Box 11754
Harrisburg, PA 17108
717/221-4482 (Office)/717/221-2246(Fax)
ERIC.PFISTERER@USDOJ.GOV
Bar No. PA-38492

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CRIMINAL NO.: 1:CR-01-268 |
| | ) |
| v. | ) (Judge Caldwell) |
| | ) |
| **KAREEM MONTGOMERY** | ) (Electronically filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 7th day of January 2005, she served a copy of the attached

## MOTION RECOMMENDING DOWNWARD DEPARTURE

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):

Roger R. Laguna, Jr.
1119 North Front Street
Harrisburg, PA 17102


/s/ Mary Zerance
_____
Mary Zerance
Legal Assistant