UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA
-------------------------------- X

UNITED STATES

V.                                              Docket No. CR-01-00268-001

KAREEM A. MONTGOMERY                            FILED
          Defendant                             HARRISBURG, PA

                                                APR - 8 2008

-------------------------------- X              MARY E. D'ANDREA, CLERK
                                                Per _____
                                                       Deputy Clerk

MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. 3582(c)

DUE TO RECENT CHANGES IN THE CRACK COCAINE SENTENCING GUIDELINES

## INTRODUCTION

1. On December 11, 2007, the United States Sentencing Commission (U.S.S.C.) agreed to retroactively apply the ammended crack/cocaine provision of the United States Guidelines (U.S.S.G.) §1B1.10 to be effective on March 3, 2008.

2. The U.S.S.C had repeatedly advised Congress since 1995 that there existed no rational or scientific basis for the 100 to 1 ratio between crack and powder cocaine sentences.

3. On December 10, 2007 the United States Supreme Court ruled in <u>Kimbrough v United States,</u> No. 06-6330 (December 10, 2007) the cocaine guidelines like all other guidelines are advisory only.

4. On December 10, 2007 the United States Supreme Court ruled in <u>Gall v United States</u>, No. 06-7949 (December 10, 2007) that in review of below guideline sentences the circuits should use the "diferential abuse of discretion standard" where reviewing below guideline cases and this cleared the way for judges to impose sentences below a specific range and still have the punishment regarded as reasonable.

(1)

## VENUE

18 U.S.C. 3852(c)(1)(B)(2) motions are the proper vehicle for relief on this issue.

> "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant... the court may reduce the term of imprisonment..."

The Commission ammended the Base Offense Level (BOL) for crack/cocaine. For quantities between 4.5KG and 500MG, the result is two levels lower than under the old guideline. Therefore it is this courts venue that the Defendant seeks relief.

## FACTS

On January 1, 2005 the Defendant was sentenced to 131 months for possession with intent to distribute in excess of 50GMS of cocaine base in violation of 21 U.S.C. 841(A)(1) and 18 U.S.C. 2. The Defendants BOL under the former U.S.S.G. §2D1.1 was category II, level 31 with the guidelines of 121-151 months.

The Defendant did not have a management role, and received a 3 point reduction for acceptance of responsibility. This was the first felony conviction for the Defendant. The Defendants projected release date is February 17, 2011.

(2)

## ARGUEMENT

Based on the changes in the sentencing guidelines, the Court may consider a reduction in a defendants sentence to determine the ammended guideline range that would have been in effect at the time of the Defendants sentencing.

The Court has the authority to grant a reduction in a sentence due to the ammended guideline range.

> "In a case in which a defendant is serving a term of imprisionment and the guideline range applicable to that defendant has subsequently been lowered... the court may reduce the defendants term of imprisionment as provided by 18 U.S.C.§3582(c)(2).
> -U.S.S.G.§1B1.10

The Court has the authority to determine whether a reduction is warranted, and the extent of such a reduction, within the limits described in U.S.S.G.§1B1.10 subsection (b).

The Court in deciding the amount of reduction in a defendants sentence may also consider post-sentencing conduct of the defendant that occured after the imposition of the original term of imprisionment in determining whether a reduction is warranted and the extent of the reduction.

The new BOL for 50G50<150G under U.S.S.G.§2D1.1 is level 29 for a sentence guideline of 97-121 months.

## CLOSING

The Defendant since his incarceration has worked toward becoming a better person. As can be seen from the exhibits attached, (Male Custody Classification, and Progress Report) the Defendant has achieved a good rating in his institutional living and adjustment. In his nearly seven years of incarceration, the Defendant has received no disciplinary reports for infractions.

A term of imprisionment is to accolplish the purposes set forth in 18 U.S.C.§3553(a). That subsection sets forth the need for the sentence to "promote respect for the law, to provide adequate detterence to criminal conduct, to protect society from further crimes of the defendant, and to provide educational and vocational training." The sentence thus far served has accomplished these goals.

The Defendant has shown by his conduct that the time he has served has been put to good use in his rehabilitation. His incarceration to date has accomplished the objectives of §3553(a). The Defendant asks the Court to consider these factors when it makes its decision in the reduction of his sentence.

## REMEDY SOUGHT

As the new guideleins pursuant to U.S.S.G.§2D1.1 allow a two point reduction to the BOL, the Defendants new guideline rnage would be 97-121 months for a 29 BOL. Therefore the Defendant asks this Court to reduce his sentence to 97 months. The Court has the authority to reduce the sentence to 97 months under the interpretation of U.S.S.G.1B1.10, and the Defendant prays the Court will grant this request and issue an Order granting same.

Respectfully Submitted

03-27-08

*Kareem Montgomery*

Kareem Montgomery

(5)



Kareem Montgomery 10882-067
MDC Brooklyn
P.O. 329002
Brooklyn NY 11232

APR 1 2008

Clerk of the Court
U.S. District Court
Middle District of Pennsylvania
P.O. Box 983
Harrisburg PA 17108

LEGAL MAIL

RETURN RECEIPT REQUESTED

LEGAL MAIL



CERTIFIED MAIL
7007 3020 0005 2035 8215